IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEON J. AKINS,

    *Petitioner*,

v.                                    Case No.: 4:20cv346-MW/HTC

RICKY D. DIXON,

    *Respondent.*

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 20, and has also reviewed *de novo* Petitioner's objections, ECF No. 23. This Court need only address Petitioner's objections with respect to Ground Two—namely, (1) that trial counsel erred by not providing *all* of Petitioner's mental health records to Dr. Robison, who conducted a confidential mental health evaluation of Petitioner, (2) that no expert could have given a proper opinion as to Petitioner's mental health status without reviewing *all* of Petitioner's mental health records, and (3) that no mental health expert was presented by either party at his state court postconviction evidentiary hearing. Thus, Petitioner asserts, this Court must conduct an evidentiary hearing to allow a mental health expert to

opine as to the impact of Petitioner's Baker Act records on his mental state[1] before resolving this claim of ineffective assistance of counsel. In so doing, Petitioner improperly reframes Ground Two as one of ineffective assistance of postconviction counsel for failing to present a mental health expert's testimony at his state court postconviction evidentiary hearing to demonstrate that trial counsel's failure to provide Baker Act records to Dr. Robison somehow prejudiced Petitioner. For the reasons set out below, Petitioner's request for an evidentiary hearing on Ground Two is **DENIED**.

In his objections, Petitioner argues "Dr. Robison could not have conducted a thorough evaluation in this case because defense counsel failed to provide Dr. Robison with Petitioner Akins' Baker Act records (and without reviewing the Baker Act records, no doctor could properly evaluate Petitioner Akins' mental health)". ECF No. 23 at 3. He then requests an evidentiary hearing to permit a mental health expert to opine as to whether Defendant's Baker Act records would have affected the outcome of his confidential evaluation. *Id.* at 4.

As discussed below, however, this claim was never presented to, or developed in, the state court proceedings, so Petitioner's attempt to reframe this issue on federal habeas review is rejected. Before seeking a federal writ of habeas corpus, a state

---

[1] Petitioner does not indicate whether the Baker Act records would have affected Dr. Robison's evaluation with respect to either Petitioner's mental state at the time of the offense or Petitioner's competency to stand trial.

prisoner must give the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court, thereby alerting that court to the specific nature of the claim being asserted. *Duncan, supra*, at 365-366; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "It is not, however, 'sufficient merely that the federal habeas petitioner has been through the state courts, nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made.'" *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 457 (11th Cir. 2015) (quoting *Kelley v. Sec'y for Dep't of Corr.,* 377 F.3d 1317, 1344 (11th Cir.2004)). "The crux of the exhaustion requirement is simply that the petitioner must have put the state court on notice" that he intended to raise the same federal claim he later raises in federal court. *Id*.

  Here, Petitioner does not present the same argument in his federal petition and objections as he presented in state court. In state court, the argument regarding the competency issue is found at Ground Two of the Amended 3.850 motion. There, Petitioner argued simply that no mental health evaluation happened at all, despite being requested by defense counsel and ordered by the court—not that an evaluation happened but did not include certain Baker Act materials:

> Defense Counsel was ineffective for failing to schedule and insure that mental health expert, Dr. Chris Robison, Ph. D., completed the Trial Court approved mental evaluation. Consequently, Defendant Akins proceeded to a Capital Murder trial without the Court ordered mental evaluation to determine whether the Defendant was competent to stand trial or if he was clinically insane during the commission of the crime. As a result, Defendant Akins due process rights were violated and Trial Counsel rendered ineffective assistance of counsel for failing to insure Defendant Akins was properly evaluated.

Amended Motion for Postconviction Relief, ECF No. 8-3 at 77-80. Specifically, Petitioner alleged the following:

> On December 6, 2013, Defense Counsel, Baya Harrison submitted a motion to the Court seeking a request for a mental health expert to evaluate Defendant Akins' mental health issues.1 Counsel's concerns were outlined in the body of the motion in particular, that Defendant Akins had a "*long history of criminal offenses and evinces serious mental issues.*" Counsel also stated in his motion that Defendant Akins had a history of drug abuse, was previously detained under the Baker act, and was very confused in terms of being able to recall the events leading up to the murder charges pending against him.
> On December 9, 2013, the Trial Court issued the Order granting Counsel's Motion for the mental health expert to examine Defendant Akins and determine (a) whether at the time of the commission of the homicide if Mr. Akins was sane pursuant to Rule 3.216, (b) whether he is mentally retarded pursuant to Rule 3.203, and (c) the mental health mitigators under Section 921.141 (6), Florida Statutes, are extant.
> Defendant Akins submits that he was never given this evaluation, nor did the Trial Court hold a hearing pursuant to this motion. More importantly, there is nowhere in the record prior to trial that demonstrates this issue was ever clarified or that Defendant Akins was determined to be competent to proceed.

*Id*. While he mentions a history of being Baker Acted, he does not alert the court of any argument that such an evaluation must include Baker Act materials or not be sufficient.

4

The 3.850 judge at first summarily denied this Ground, finding that a mental health expert was appointed but, "it was for the purpose of sanity at the time of the offense and mental health mitigators pursuant . . . . Competency was never raised as an issue. Additionally, on July 23, 2014, the parties entered into a 'Stipulation as to waiver of the Death Penalty and a 12-person jury.' . . . . Therefore, the above evaluation was no longer relevant or necessary." *Id.* at 155-56.

Petitioner appealed, continuing to focus his argument on the contention he never was evaluated at all. First, he argued he did not waive the competency examination in the Stipulation, and then he argued, "Appellant Akins **was never given this evaluation**, nor did the Trial Court hold a hearing" on competency. ECF No. 8-3 at 215 (emphasis in original).

The First DCA reversed on Ground Two and remanded for the circuit court to hold an evidentiary hearing. Notably, the First DCA also focused on the argument that no evaluation at all took place—not on whether the evaluation was deficient for not including Baker Act materials. The First DCA first accepted as true for purposes of argument the following claim: "In his postconviction claim, Akins asserts that the mental health examination never took place and there was never a hearing or determination concerning his sanity or competency. He alleges he was prejudiced because he was incompetent to stand trial and would have been declared insane at the time the offense was committed." *Akins v. State*, 247 So. 3d 687, 689 (Fla. 1st

5

DCA 2018). The First DCA then opined, "[W]e conclude that Akins's claim is facially sufficient as his motion demonstrates that his attorney had serious concerns regarding his sanity and competency, yet allegedly failed to follow through with the mental health evaluation authorized by the court." The First DCA remanded only Ground Two to the circuit court "either to attach record excerpts that refute the claim or to hold an evidentiary hearing on the claim." *Id.*

The circuit court held an evidentiary hearing on February 1, 2019, at which Petitioner was represented by counsel. ECF No. 8-4 at 136 (Transcript of February 1, 2019 evidentiary hearing). Postconviction counsel offered only the testimony of Petitioner, and, during his testimony at the hearing, Petitioner continued to contend he was never seen by a mental health expert. Petitioner was asked by postconviction counsel, "So did you see anyone that – who was talking to you about your mental health issues, other than the lawyers, and the investigators?" and Petitioner responded, "No, sir." *Id.* at 139.

The State then called Petitioner's trial counsel. He testified that in every case where the death penalty is potentially involved, "I have the defendant examined by the expert for sanity, at the time of the alleged commission of the crime. For competence, in order to assist me, to understand the proceedings, competence – at the present time of trial. Intellectual disability, that's become a very important matter . . . And then there are three statutory mitigators . . . that need to be explored by the

6

mental health expert, to see if there is some mitigation there." *Id.* at 145. In the following colloquy, trial counsel also made clear that, contrary to Petitioner's assertions, such an examination happened in Petitioner's case:

> THE STATE: Mr. Harrison, after having provided Dr. Robison the opportunity --the time in which to meet with Mr. Akins, did he in fact, meet with Mr. Akins; and provide you with an unofficial i.e., not a written report? But a summary of his meeting and interview, and his opinions as it related to the competency of Mr. Akins?
>
> TRIAL COUNSEL: Well, he did more than that. First of all -- and it's the normal way that or. Robison and I work --we're -- we're friends as --as well as, you know, colleagues in this business. And we --we speak on the phone a great deal. once he completed his evaluation, and actually once the CT scan aspect of the --of the matter was concluded; we had a lengthy discussion. I mean, we go into detail.
>      And --and again, I push him a little, to try to find mental health mitigation, if he can. But in this particular case, as evidenced by the e-mails that he sent me, the two e-mails, it just wasn't there. He found that Mr. Akins was sane, competent, not intellectually disabled; and he just didn't meet any of the criteria of the death penalty mitigation statute. So I mean, this was not just some, you know, e-mail. we talked personally about this in detail, and then he followed up with these e-mails.

*Id.* at 150-51. Counsel for the State then went through the various correspondence between Dr. Robison and trial counsel, and trial counsel testified that nothing in that correspondence indicated any issue with Petitioner's competency, sanity or intellectual ability. *Id.* 151-53. Trial counsel then testified that he made the strategic decision not to have the findings reduced to a formal writing by Dr. Robison because it would then be available to the State to pick through for material to use against Petitioner. *Id.* at 154 (stating he instructed the expert, "as a tactical matter, not to

7

formalize his opinion" because "I have experienced a situation where – where an expert's work can, you know, can be flushed out by . . . the State Attorney's Office").

On cross-examination, postconviction counsel went over the signs of mental issues that trial counsel had put in his motion for appointment of an expert (including a reference to the fact that Petitioner had been Baker Acted) and asked if a formal order adjudging Petitioner competent had ever been entered by the court. Trial counsel responded that one had not been, but that Dr. Robison considered competence and "flat-out said that he was not – that he was not – that he was competent." *Id.* at 157. Notably, postconviction counsel never asked whether the expert reviewed the Baker Act material. Also, in closing argument, postconviction counsel simply argued that trial counsel erred in not asking for a competency hearing or second examination without specifically making the contention that Baker Act materials were available but not considered. *Id.* at 158-60.

The postconviction court denied the claim in open court at the close of the evidentiary hearing with the following language:

> THE COURT: okay. I'm going to find, based on everything presented today, that there's no deficient performance, and no prejudice to the defendant. The order that was entered in this case, appointing Mr. --or Dr. Robison, focused on death penalty factors --well, insanity and death penalty factors; so not competency.  But Mr. Harrison also asked Dr. Robison to evaluate the defendant for competency, and state's 3 clearly states that, Mr. Akins readily demonstrated unimpaired capacity on all prongs of competence, comma, so no issue there. He is competent to proceed, is what the e-mail says.

8

> So, Mr. Harrison clearly did not have a good faith basis to ask -- to file another motion or --nor did he need to --to get an order finding competent finding Mr. Akins competent; because there was no issue whatsoever on competency. And based on all that, I'm going to deny the motion. And I'll --I will follow that up with a written order.

*Id.* at 161-62. The postconviction court then memorialized that finding in a written order without further elaboration. ECF No. 8-4 at 124 (Feb. 4, 2019).

Thus, the issue of whether any evaluation must include consideration of the Baker Act materials was never raised or ruled upon in state court. Therefore, Petitioner has not exhausted that issue, and it is barred from federal review.

Additionally, Petitioner's request for an evidentiary hearing is rejected as he did not develop the factual basis for this claim in state court. Section 2254(e)(2) provides, "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that the claim relies on a new rule of constitutional law . . . or a factual predicate that could not have been previously discovered through the exercise of due diligence; and that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2); *Williams v. Taylor*, 529 U.S. 420, 437 (2000) ("For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of

9

constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met.").

Here, since Petitioner never raised the argument that consideration of Baker Act materials was required for a sufficient evaluation in state court, he also did not produce those records in any state court.[2] Therefore, he has not developed the factual basis of this claim in state court proceedings, so an evidentiary hearing is not appropriate under 28 U.S.C. § 2254(e)(2). The failure was not due to any prosecutorial action, or even the action of postconviction counsel, but was instead due to Petitioner's conduct. Petitioner continued to falsely claim, even up to the evidentiary hearing, that no evaluation at all was held. The evidence at the hearing proved, however, that such an evaluation had occurred. Petitioner's insistence that an examination never happened at all prevented postconviction counsel from preparing to address whether the materials considered in that evaluation were sufficient. Thus, Petitioner failed to develop the factual basis of this claim in state court and he himself contributed to the failure by his false claim that no examination at all took place. An evidentiary hearing is therefore barred by 28 U.S.C. § 2254(e)(2).

---

[2] He also did not produce them in this federal habeas proceeding.

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 20, is **accepted and adopted**, over the Petitioner's objections, as this Court's opinion. The Clerk shall enter judgment stating, "The petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Akins*, Leon County, Florida, Case Number 2012-CF-2887, ECF No. 1, is **DENIED** without an evidentiary hearing." A certificate of appealability is **DENIED**. The Clerk shall close the file.

**SO ORDERED on February 28, 2023.**

                                                s/Mark E. Walker
                                                **Chief United States District Judge**